IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ule D.C.

05 JUL 12 PM 5:40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 00-2923 Ma/A |
| AUTOZONE, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE ADDITIONAL CLAIMANTS**

This case arises from alleged discriminatory employment practices by defendant AutoZone, Inc. ("AutoZone"). Plaintiff Equal Employment Opportunity Commission ("EEOC") brings the case on behalf of more than 100 individual claimants. Before the court is AutoZone's "Motion to Strike Additional Claimants," filed on June 9, 2005. EEOC filed a response on June 21, 2005. AutoZone filed a reply on June 29, 2005.

AutoZone asserts that, on May 18, 2005, 13 days before the May 31, 2005, cut-off date for discovery in this case, the EEOC faxed AutoZone a letter "seeking to add 12 new claimants and to reassert a claim for Broderick Parr, who had been previously withdrawn by the EEOC." (Def.'s Mem. in Supp. at 2.) AutoZone asks that the court strike those 13 claimants. In support of its position, AutoZone argues that "it is ludicrous that the [EEOC] would seek to

add these individuals to the case at this very late date, a date which does not allow AutoZone sufficient opportunity to take the discovery, prepare the pleadings necessary for a motion for summary judgment, and/or prepare to try those claims. There can be no excuse for the [EEOC's] failure to identify these individuals before the stroke of midnight and AutoZone will be greatly prejudiced if the EEOC is allowed to maintain claims on behalf of these individuals."[1] (Id.)

The EEOC states that the disclosure of the 13 additional claimants on May 18, 2005, was done to satisfy its ongoing duty to supplement discovery under Fed R. Civ. P. 26(e). (Pl.'s Resp. at 3.) According to the EEOC, identifying claimants in this case has been an "arduous task" because of the "voluminous" data involved, and because the data are "riddled with discrepancies." (Id. at 2-3.) The EEOC claims that throughout the course of discovery, as it has culled the identities of claimants from the data, it has regularly supplemented its responses to AutoZone's interrogatories and identified newly discovered claimants. (Id.)

There is no basis for granting AutoZone's motion to strike. The EEOC's disclosure of the last 13 claimants did not violate any deadline set by this court. The court never set a deadline for disclosure of claimants by the EEOC, and the EEOC's disclosure was

---

[1] In its memorandum in support of its motion to strike and in its reply brief, AutoZone does not state the legal standard for striking a claimant in a job discrimination case brought by the EEOC, nor does AutoZone cite case law.

2

before the close of discovery.

Based on the record before the court, the EEOC's disclosure on May 18, 2005, did not violate Fed. R. Civ. P. 26(e) which provides:

> A party who has made a disclosure ... or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosures ... if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing....
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The EEOC claims that it complied with Rule 26(e) by regularly supplementing its responses to AutoZone's interrogatories asking for the identities of claimants as the EEOC located those claimants in the voluminous, and at times flawed, data provided by AutoZone. AutoZone has not provided any evidence showing that the EEOC could have provided the identities of the 13 final claimants earlier than May 18, 2005. Consequently, the EEOC's May 18, 2005, disclosure complies with Rule 26(e).

The record before the court indicates that the prejudice AutoZone will suffer by the "midnight" disclosure on May 18, 2005,

3

is not great. According to the EEOC, the depositions that AutoZone has taken of other similarly situated claimants have "averaged an hour or less" and, in some cases, have been done telephonically. (Pl.'s Resp. at 5.) The EEOC also claims that the parties have deposed up to a dozen claimants in a single day. (Id.) Although the court recognizes that deposing 13 additional claimants between May 18, 2005, and May 31, 2005, would have required adjustments by both parties, it could have been done. In addition, the EEOC offered, in its May 18, 2005 letter, to extend the discovery deadline to June 7, 2005, and to cooperate with AutoZone so that the additional 13 claimants could be timely deposed.[2]

The EEOC's May 18, 2005, disclosure of 13 additional claimants did not violate any provision of the Federal Rules of Civil Procedure or any deadline set by this court. Although the disclosure 13 days before the close of discovery undoubtedly inconvenienced AutoZone, it was not unduly prejudicial. Consequently, there is no basis for striking the 13 additional claimants.

---

[2] The court also notes that three weeks elapsed between the date AutoZone received the letter disclosing the 13 additional claimants on May 18, 2005, and the date that AutoZone filed its motion to strike, June 9, 2005.

4

For the foregoing reasons, DEFENDANT'S motion to strike is DENIED.

So ORDERED this 12th day of July 2005.

*[signature]*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 251 in case 2:00-CV-02923 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Gwendolyn Young Reams
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

C. Gregory Stewart
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L. Street, N.W.
Room 7054
Washington, DC 20507

Leslie W. Ehret
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Jeffrey Bannon
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste 621
Memphis, TN 38104

Walter W. Christy
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Reva M. Kriegel
LAW OFFICE OF REVA M. KRIEGEL
266 S. Front St.
Ste. 206
Memphis, TN 38103

Thomas J. Borek
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Terry L. Beck
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Tracy K. Hidalgo
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Deidre Smith
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Ellen Shirer Kovach
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Katharine W. Kores
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Madeline D. West
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Celia S. Liner
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT